UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CHAPMAN ROBERTS, :
:
:
*Plaintiff,* : Index No.: 1:19-cv-9200
:
:
-against- :
:
: **COMPLAINT**
:
BROADWAYHD LLC, BROADWAY TELEVISION : **DEMAND FOR JURY TRIAL**
NETWORK, INC., BROADWAY WORLDWIDE, :
INC., BROADWAYONLINE.COM, INC., BRUCE :
BRANDWEN PRODUCTIONS, INC., *and* BRUCE :
BRANDWEN :
:
:
*Defendants*. :
------------------------------------------------------------------------x

Plaintiff Chapman Roberts ("Roberts"), by and through his attorneys, brings this action against BroadwayHD LLC ("BroadwayHD"), Broadway Television Network, Inc. ("BTN"), Broadway Worldwide, Inc. ("Broadway Worldwide"), BroadwayOnline.com, Inc. ("BroadwayOnline.com"), Bruce Brandwen Productions ("Brandwen Productions"), and Bruce Brandwen ("Brandwen") (all defendants collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for direct and contributory copyright infringement and the intentional and knowing distribution of false Copyright Management Information. Plaintiff Roberts brings this action in response to the knowingly unauthorized and continued use of Roberts' original and copyrighted vocal arrangements by the Defendants.

2.      Plaintiff Roberts is a four time Grammy Award winner and multi-talented musician and performer who has worked in show business for over 50 years. Roberts' vocal arrangements have been pivotal in Broadway and West End shows that collectively have garnered 50 Tony and

1

Olivier Award nominations, and have been used in many original Broadway and West End productions including *Smokey Joe's Café*, *Five Guys Named Moe*, *Blues in the Night*, *Eubie*, *Bubbling Brown Sugar*, and *Your Arms Too Short To Box With God*.

3. BroadwayHD is an on-demand digital streaming service that specializes in recording and distributing live theater performances. BroadwayHD currently offers over 200 titles for streaming, including *Peter Pan*, *Swan Lake*, *Les Misérables*, and *Cats*. Consumers have the option of purchasing a subscription or paying a fee on a per-performance basis. As of October 1, 2019, subscriptions are offered for $8.99 per month, or $99.99 per year, and the individual per-performance streaming fee is $14.99.

4. Defendant Bruce Brandwen is a Broadway producer and the founder and president of BTN, a worldwide distributor of recorded Broadway performances. On information and belief, Brandwen is also the founder of Broadway Worldwide, Brandwen Productions, and BroadwayOnline.com.

5. In 1994, Roberts created original vocal arrangements for the Broadway musical *Smokey Joe's Café* (the "Vocal Arrangements"). Roberts is the sole and exclusive owner of the copyright in the Vocal Arrangements. The Vocal Arrangements have been registered in the U.S. Copyright Office, Reg. No. PAu 1-994-441, with an effective date of May 23, 1995. Attached hereto as **Exhibit A** is a copy of the registration certificate for the Vocal Arrangements.

6. BroadwayHD recently began offering a live film recording of the musical *Smokey Joe's Café* for on-demand streaming. On information and belief, BroadwayHD received the purported rights to the recording from BTN.

7. BTN did not receive permission from, or compensate, Roberts for the use or licensing of his copyrighted Vocal Arrangements.

8. The collective actions of the Defendants have deprived Roberts of substantial revenue by using his Vocal Arrangements without permission and have caused significant monetary harm to Roberts. Roberts brings this action to recover his damages and to put an end to Defendants' unlawful acts.

## PARTIES

9. At all relevant times Plaintiff Roberts has resided in and maintained a principal place of business in New York, New York.

10. Defendant BroadwayHD is a New York limited liability company, registered to do business in the State of New York, engaged in the business of media distribution in the Greater New York City area, with its principal place of business in New York, New York.

11. Defendant Broadway Television Network is a Delaware corporation, engaged in the business of media distribution in the Greater New York City area, with its principal place of business in New York, New York.

12. Defendant Broadway Worldwide is a Delaware corporation with its principal place of business in New York, New York.

13. Defendant BroadwayOnline.com is a Delaware corporation with its principal place of business in New York, New York.

14. Defendant Bruce Brandwen Productions is a New York corporation with its principal place of business in New York, New York.

15. Defendant Bruce Brandwen is an individual domiciled in the state of New York.

## JURISDICTION AND VENUE

16. This action arises under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.*

17. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18. This Court has jurisdiction over Defendants because each is a domiciliary of or has business operations headquartered in and transacts a significant amount of business in, New York, New York.

19. Venue is proper pursuant to 28 U.S.C. § 1391.

## BACKGROUND FACTS

20. *Smokey Joe's Café* (the "Musical") is known as the longest-running musical revue in Broadway history. The Musical was nominated for seven Tony Awards in 1995, including for Best Musical, and won a Grammy for Best Musical Show Album in 1996.

21. Roberts has worked in the theater industry for over 50 years as a vocal arranger, musical director, musical supervisor, actor, and producer.

22. In 1994, Roberts created the Vocal Arrangements for the Musical based on original songs written by famed songwriters Jerry Leiber and Mike Stoller.

23. Roberts created the Vocal Arrangements pursuant to a Vocal Arranger Agreement, dated May 1, 1994, between Roberts and L&S Broadway Company ("L&S"). The Vocal Arranger Agreement provides that the Vocal Arrangements may not be performed, transcribed, recreated, copied, published, or recorded without express permission from Roberts.

24. Roberts registered a copyright for the Vocal Arrangements with the United States Copyright Office as the sole owner of the copyright. Registration of the Vocal Arrangements was issued under Reg. No. PAu 1-994-441, with an effective date of May 23, 1995.

25. In 1999, BTN recorded two performances of the Musical, without Roberts' permission (the "Recording"). When Roberts learned of this, he contacted BTN, and BTN then asked retroactively for permission to commercially distribute the recording of the Musical to the public.

26. BTN and Roberts failed to come to an agreement regarding permission for usage of the Vocal Arrangements.

27. BTN nevertheless moved forward with distributing the Recording. BTN did not obtain permission from Roberts to record his Vocal Arrangements, and BTN failed to provide Roberts with compensation for the Recording.

28. BTN then televised the Recording on a pay-per-view basis in approximately 2000 to 2001, and then continued to distribute the Recording for an unknown period of time, without permission from, or notice or compensation to, Roberts.

29. To date, Roberts has not received compensation for the Recording or distribution of the Recording by BTN.

30. On information and belief, in 2018 or 2019 BTN entered into a new license purportedly granting the distribution rights of the Recording to BroadwayHD for digital streaming without prior notice to or permission from Roberts.

31. Roberts did not grant any of the Defendants in this action a license to record or use the Vocal Arrangements in the Recording for any media distribution, including, but not limited to, on-demand streaming.

32. On information and belief, BroadwayHD was aware of Roberts' copyright ownership of the Vocal Arrangements.

33. Beginning in September 2019, BroadwayHD began distributing and publicly performing and displaying copies of the Recording, including the Vocal Arrangements, through its streaming service.

34. As demonstrated above, both BTN and BroadwayHD were fully aware of Roberts' status as copyright owner of the Vocal Arrangements.

35. On September 17, 2019, notice of infringement was sent on behalf of Roberts to counsel for BroadwayHD, with a demand to remove the Recording from distribution immediately, destroy all copies of the Recording, provide a full accounting of all subscriptions and individual streams sold and information concerning the authorization of the work.

36. To date, BroadwayHD has refused to comply with, or substantively respond to, Roberts' demands, including a refusal to provide any information regarding an accounting of subscriptions and individual streams of the Recording sold.

37. To date, BroadwayHD has refused to cease distribution of the Recording including the Vocal Arrangements, despite repeated requests from Roberts.  Attached hereto as **Exhibit B** is a copy of BroadwayHD's website as of October 1, 2019, showing the continued promotion of the Recording.  Defendants continue to profit from exploitation of the Vocal Arrangements, without any authorization from, compensation to, or attribution to, Roberts, the owner of all rights in the Vocal Arrangements.

38. On information and belief, BTN and BroadwayHD published copies of the Recording, including the Vocal Arrangements, without a copyright notice indicating Roberts as the owner of the copyright in the Vocal Arrangements, despite full knowledge and awareness of his status as the copyright owner, and further, published Copyright Management Information in connection with the Recording and Vocal Arrangements that is necessarily false because no

Defendant can assert proper chain of title in either work due to their failure to first obtain a license from Roberts to use the Vocal Arrangements.

## FIRST CLAIM FOR RELIEF

### Direct Copyright Infringement, 17 U.S.C. § 101, *et seq.*
### Defendants BroadwayHD LLC and Broadway Television Network, Inc.

39. Plaintiff Roberts incorporates by reference and realleges the allegations contained in Paragraphs 1 through 38, inclusive, as though fully set forth herein.

40. The Vocal Arrangements are original copyrightable works. Roberts has complied in all respects with 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights in and ownership of the Vocal Arrangements and has filed his copyright registration for the Vocal Arrangements with the U.S. Copyright Office in accordance with its rules and regulations. Roberts has received Registration No. PAu 1-994-441, with an effective date of May 23, 1995, a copy of which is attached hereto as Exhibit A.

41. By the actions alleged above, Defendants BroadwayHD and BTN have infringed Roberts' copyright in the Vocal Arrangements by reproduction, public performance, and distribution of the same, without Roberts' permission or authorization.

42. Defendants BroadwayHD and BTN have done so willfully and intentionally, with full knowledge of Roberts' copyright, and in conscious disregard of Roberts' exclusive rights in the Vocal Arrangements.

43. As a direct and proximate result of the copyright infringement detailed herein, Roberts has been and continues to be damaged in an amount unknown at present and to be determined at trial.

44. As a direct and proximate result of the copyright infringement detailed herein, Defendants have gained and/or will gain substantial profits as a result of their infringement in an amount presently unknown and to be determined at trial.

45. Roberts is entitled to recover his actual damages and any additional Defendants' profits not calculated in the computation of his actual damages in an amount to be determined at trial, pursuant to 17 U.S.C. §§ 504(a)(1) and (b).

46. In the alternative and at his election, due to BroadwayHD and BTN's acts of willful infringement, Roberts is entitled to seek maximum statutory damages for Defendants' infringing acts in the amount of up to $150,000, pursuant to 17 U.S.C. § 504(c).

47. To the extent such infringement persists, Roberts has no adequate remedy at law to protect his rights in the Vocal Arrangements and to prevent Defendants from continuing to infringe the Vocal Arrangements and injure Roberts, and Roberts will continue to suffer irreparable injury from the Defendants' conduct as alleged.

48. As a direct and proximate result of the copyright infringement detailed herein, Roberts is entitled to preliminary and permanent injunctive relief enjoining and restraining Defendants from infringing his copyright, pursuant to 17 U.S.C. § 502.

49. In addition, Roberts is entitled to his full costs, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### Contributory Copyright Infringement, 17 U.S.C. § 101, *et seq.*
### Defendants Broadway Worldwide, Inc., BroadwayOnline.com, Inc., Bruce Brandwen Productions, Inc., and Bruce Brandwen

50. Plaintiff Roberts incorporates by reference and realleges Paragraphs 1 through 49, inclusive, as though fully set forth herein.

51. Defendants Broadway Worldwide, Inc., BroadwayOnline.com, Inc., Bruce Brandwen Productions, Inc., and Bruce Brandwen, by and through the actions of Bruce Brandwen, copied, publicly performed, and distributed the Vocal Arrangements without authorization from Roberts.

52. Defendants Brandwen, Broadway Worldwide, BroadwayOnline.com, and Bruce Brandwen Productions (the "Remaining Defendants") had actual or constructive knowledge of the infringing acts of BroadwayHD and BTN.

53. In particular, on information and belief, Defendant Bruce Brandwen, as President and founder of BTN, and as demonstrated by the failed negotiations with Roberts, knew that the Vocal Arrangements were owned by Roberts, and that BTN had no right to record, copy, publicly perform, distribute, or otherwise use the Vocal Arrangements, nor did BTN have the right to license the infringing Recording to BroadwayHD, without prior authorization from Roberts. The Remaining Defendants also knew that such distribution would result in further downstream infringement by Defendant BroadwayHD.

54. The Remaining Defendants induced, caused, enabled, facilitated, and/or materially contributed to the infringing activity of Defendants BroadwayHD and BTN, namely by either directly distributing the Vocal Arrangements to Defendant BroadwayHD, or by causing the further downstream distribution thereof, without ever obtaining Plaintiff Roberts' authorization to do so.

The Remaining Defendants provided the tools and support for the infringement by Defendant BroadwayHD.

55. The infringing distribution by Defendant BroadwayHD was willful and intentional, as was the purported licensing of the work by BTN, with full knowledge by both parties of Roberts' copyright, and in conscious disregard for Roberts' exclusive rights in the Vocal Arrangements.

56. As a direct and proximate result of the copyright infringement detailed herein, Roberts has been, and continues to be, damaged in an amount unknown at present and to be determined at trial.

57. As a direct and proximate result of the copyright infringement detailed herein, the Remaining Defendants have gained and/or will gain direct financial benefit and substantial profits in an amount presently unknown and to be determined at trial.

58. Through the conduct alleged above, the Remaining Defendants are contributorily liable for the infringing acts of Defendants BroadwayHD and BTN as described herein.

59. Roberts is entitled to recover from the Remaining Defendants his actual damages and any additional profits gained by the various infringers as a result of the infringement in an amount to be determined at trial, pursuant to 17 U.S.C. §§ 504(a) and (b).

60. In the alternative and at his election, Roberts is entitled to seek maximum statutory damages from the Remaining Defendants for Defendants BroadwayHD and BTN's willful acts of infringement in the amount of up to $150,000, pursuant to 17 U.S.C. § 504(c).

61. To the extent such infringement persists, Roberts has no adequate remedy at law to protect his rights in the Vocal Arrangements and to prevent the continued infringement of the Vocal Arrangements and continued injury to Roberts, and Roberts will continue to suffer irreparable injury from the infringing conduct as alleged.

62. As a direct and proximate result of the copyright infringement detailed herein, Roberts is entitled to preliminary and permanent injunctive relief enjoining and restraining the Defendants from infringing his copyright, pursuant to 17 U.S.C. § 502.

63. In addition, Roberts is entitled to his full costs, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

### THIRD CLAIM FOR RELIEF

**False Copyright Management Information,
Digital Millennium Copyright Act, 17 U.S.C. §§ 1202(a)(1) and (a)(2)
All Defendants**

64. Plaintiff Roberts incorporates by reference and realleges the allegations contained in Paragraphs 1 through 63, inclusive, as though fully set forth herein.

65. Roberts is the exclusive owner of the copyright in the Vocal Arrangements.

66. Defendants knew that Roberts was the owner of the registered copyright in the Vocal Arrangements.

67. Despite having this knowledge, on information and belief, Defendants recorded, distributed, publicly performed, and widely disseminated the Vocal Arrangements, including as part of the Recording, in connection with knowingly false Copyright Management Information, as such term is defined under 17 U.S.C. § 1202(c), without any attribution to Roberts as the copyright owner, and without authorization from Roberts or the law.

68. Defendants did so knowing that the Vocal Arrangements and the Recording did not include Roberts' copyright notice, without authorization from Roberts or the law, and therefore any Copyright Management Information provided and/or distributed in connection with the Vocal Arrangements is false for failure to identify the actual copyright owner of the same.

69. On information and belief, Defendants provided and/or distributed Copyright Management Information in connection with the Recording itself, without a license from Roberts,

11

and therefore all such Copyright Management Information is knowingly false, because Defendants knew that none of them had lawfully established a proper chain of title as to the Vocal Arrangements or the Recording without a license from Roberts.

70. Defendants committed these acts knowingly and with the intent to induce, enable, facilitate, or conceal copyright infringement of the Vocal Arrangements.

71. Roberts has suffered actual damages as a result of the acts complained of herein in an amount unknown at present and to be determined at trial.

72. Defendants have gained profits that are attributable to the acts complained of herein in an amount unknown at present and to be determined at trial.

73. Roberts is entitled to recover from Defendants his actual damages and any additional profits not taken into account in computing his actual damages, pursuant to 17 U.S.C. § 1203(c)(2).

74. In the alternative, and at his election, Roberts is entitled to recover from Defendants, for each and every violation of 17 U.S.C. §§ 1202(a)(1) and (a)(2), including, but not limited to, each and every stream of the Recording which includes the Vocal Arrangements, maximum statutory damages in the amount of $25,000 per use, pursuant to 17 U.S.C. § 1203(c)(3)(B). The extent of these damages is unknown at present and will be proven at trial.

75. To the extent that the acts complained of herein persist, Roberts is entitled to preliminary and permanent injunctive relief to prevent or restrain further violations of 17 U.S.C. §§ 1202(a)(1) and (a)(2), pursuant to 17 U.S.C. § 1203(b)(1).

76. Roberts is entitled to recover his costs from Defendants pursuant to 17 U.S.C. § 1203(b)(4).

77.	Roberts is further entitled to recover his reasonable attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Roberts prays for judgment in his favor and against Defendants as follows:

(a)	For a preliminary and permanent injunction enjoining all Defendants, their respective members, officers, principals, shareholders, agents, servants, employees, attorneys, successors, and assigns; its divisions, such divisions' respective members, officers, principals, shareholders, agents, servants, employees, attorneys, successors, and assigns; and those in privity with or in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise from any further acts of copyright infringement and alteration or removal of Copyright Management Information;

(b)	For an award of monetary damages in an amount to be proven at trial;

(c)	For costs of this lawsuit;

(d)	For reasonable attorneys' fees;

(e)	For interest as allowed by law; and

(f)	For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Roberts hereby demands a trial by jury for all issues so triable in this case.

Dated: October 4, 2019　　　　　　　　　　　　Respectfully submitted,

**LEICHTMAN LAW PLLC**

By:　*/s/ David Leichtman*

David Leichtman
Tatsuya Adachi

228 East 45th Street, Suite 605
New York, New York 10017
Tel: (212) 419-5210
dleichtman@leichtmanlaw.com
tadachi@leichtmanlaw.com

*Attorneys for Plaintiff Chapman Roberts*