UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAPMAN ROBERTS,<br><br>      Plaintiff,<br><br>      -v.-<br><br>BROADWAYHD LLC, BROADWAY TELEVISION NETWORK, INC., BROADWAY WORLDWIDE, INC., BROADWAYONLINE.COM, INC., BRUCE BRANDWEN PRODUCTIONS, INC., BRUCE BRANDWEN, LEIBER STOLLER PRODUCTIONS, INC., MICHAEL STOLLER, THE ESTATE OF JEROME LEIBER, AMAZON DIGITAL SERVICES LLC, and SONY/ATV MUSIC PUBLISHING LLC,<br><br>      Defendants. | 19 Civ. 9200 (KPF)<br><br>**ORDER** |
| MIKE STOLLER and JEROME I. LEIBER 1997 FAMILY TRUST,<br><br>      Third-Party Plaintiffs,<br><br>      -v.-<br><br>SCORPIO ENTERTAINMENT INC., RICHARD FRANKEL PRODUCTIONS, INC., and JACK VIERTEL,<br><br>      Third-Party Defendants. | |

KATHERINE POLK FAILLA, District Judge:

  On August 5, 2022, the Court held a telephonic conference to address the pre-motion letters filed by Third-Party Defendants Scorpio Entertainment Inc., Richard Frankel Productions, Inc., and Jack Viertel (Dkt. #180) and Plaintiff Chapman Roberts (Dkt. #182). At the conclusion of the conference, the Court reserved decision on two issues: (i) whether to permit Plaintiff and Third-Party Defendants to file their contemplated motions and (ii) whether, and

to what extent, to stay discovery pending the Court's resolution of the motions. The Court now proceeds to resolve both of those issues.

*First*, the Court will permit Plaintiff and Third-Party Defendants to file their contemplated motions. Plaintiff and Third-Party Defendants shall file their opening motions and supporting papers on or before **September 7, 2022**. The parties' memoranda of law shall be no more than 25 pages. Third-Party Plaintiffs Mike Stoller and Jerome I. Leiber 1997 Family Trust shall file a consolidated opposition brief on or before **October 19, 2022**. The brief shall be no more than 40 pages. Plaintiff and Third-Party Defendants shall file their reply briefs on or before **November 2, 2022**. The briefs shall be no more than 10 pages. Additionally, the parties shall ensure that their briefs address the Court's ability to consider the terms or effect of the so-called "1999 Agreement" when resolving the motions. (*See* Dkt. #180-1).

*Second*, the Court will not stay discovery or permit bifurcated discovery pending its resolution of Plaintiff's and Third-Party Defendants' motions. Given the significant age and extensive procedural history of this case, as well as the parties' representations that much of the contemplated discovery will be necessary irrespective of the Court's decision on the motions, the Court finds that staying or limiting discovery would be inappropriate. The Court expects that the parties will make every effort to meet the deadlines set forth in their Civil Case Management Plan and Scheduling Order. (*See* Dkt. #171).

Lastly, the pretrial conference currently scheduled for October 7, 2022, is hereby ADJOURNED to **December 14, 2022, at 10:00 a.m.**, to allow the parties to complete fact discovery prior to the conference.

SO ORDERED.

Dated:     August 8, 2022
           New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge