UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAPMAN ROBERTS,<br><br>                Plaintiff,<br><br>                -v.-<br><br>BROADWAYHD LLC, BROADWAY TELEVISION NETWORK, INC., BROADWAY WORLDWIDE, INC., BROADWAYONLINE.COM, INC., BRUCE BRANDWEN PRODUCTIONS, INC., BRUCE BRANDWEN, LEIBER STOLLER PRODUCTIONS, INC., ESTATE OF JEROME LEIBER, MIKE STOLLER, AMAZON DIGITAL SERVICES LLC, and SONY/ATV MUSIC PUBLISHING, LLC,<br><br>                Defendants. | 19 Civ. 9200 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On February 8, 2023, the Court held a pretrial videoconference to discuss outstanding discovery issues and next steps in this case.

**A.    Outstanding Fact Discovery**

Prior to the conference, Plaintiff filed a letter requesting that the Court order the production of certain documents from Brandwen, Sony, and the L&S Defendants, including communications about Plaintiff and/or his claimed interest in the vocal arrangements at issue; invoices related to licenses for use of the songs from the 1999 Recording and all songs featured in the Smokey Joe's Café musical; and documents related to Sony's 2007 acquisition of the Lieber and Stoller catalogue. (Dkt. #230). Brandwen, Sony, and the L&S Defendants separately filed letter responses expressing their positions that they have already produced all discoverable materials. (Dkt. #233-236).

Having thoroughly considered the parties' written submissions and oral arguments, the Court rules as follows:

All parties agree that fact discovery is complete as to Amazon Digital Services and the Broadway Defendants.  The Court also accepts Mr. Brandwen's averment that he has produced all responsive documents, (Dkt. #234, 236), though if Plaintiff believes Mr. Brandwen to be withholding documents, he may seek to question Mr. Brandwen under oath.  And the Court directs those parties who have withheld materials from production on the basis of privilege to provide their privilege logs on or before **February 21, 2023**.

Limited additional discovery from Sony is warranted.  As discussed at the conference, the Court accepts Sony's representation that it is diligently working to obtain discoverable material from the custodians most likely to have documents that relate to the 2000 recording of Smokey Joe's Café.  Sony shall complete that review and produce any new responsive materials that come to light on or before **February 28, 2023**.

The Court will not, however, order Sony to turn over documentation regarding (i) all licenses Sony has granted for songs in the L&S catalogue, or (ii) Sony's due diligence review leading up to its acquisition of the L&S catalogue.  The impracticability and burden of conducting these reviews would be vastly disproportionate to the needs of the case.  The more relevant information is to the resolution of a matter, the less likely the production of that information is to be found unduly burdensome.  *See Vaigasi* v. *Solow Mgm't Corp.*, No. 11 Civ. 5088 (HBP), 2016 WL 616386, *14 (S.D.N.Y. Feb. 16,

2016). Here, the relevance of the information sought is minimal and the burden of identifying it is weighty. Rather than target his requests to information directly related to his work, Plaintiff seeks nearly unlimited access to years of records involving many songs in which he had no involvement whatsoever. And although these records may have some value as to the willfulness of Defendants' actions, any such value would be limited. Sony has already produced thousands of documents to Plaintiff; it need not conduct these additional requested searches to fulfill its disclosure obligations. For the same reasons, no additional discovery on these topics is required from the L&S Defendants.

**B.     Other Matters**

With the discovery disputes resolved, the Court turns to the other outstanding issues in this matter. First, based on the parties' representations at the conference, Plaintiff's motion to strike certain affirmative defenses is DENIED as moot. The Clerk of Court is directed to terminate the motion at docket entry 195.

Additionally, the Court understands that the parties would like to explore the possibility of resolving this matter without further litigation. Concurrently with this Order, the Court will issue a referral for a settlement conference before Magistrate Judge Lehrburger. The parties should promptly reach out to Judge Lehrburger to schedule that conference to take place in March 2023. The expert discovery deadline is tolled from the date of this Order through the date of that conference. The referral does not, however, toll the remaining fact

discovery deadlines, including those deadlines agreed upon by the parties. The Court expects that the parties will complete fact discovery cooperatively and efficiently.

Within three days of the settlement conference, the parties shall file a joint status letter informing the Court whether they reached a settlement in principle. If the parties fail to reach a settlement, the Court will promptly set a briefing schedule for Defendants' anticipated motions for summary judgment. Because of the Court's familiarity with the legal and factual issues in this case, it will dispense of its usual pre-motion submission requirement. *See* Individual Rule of Practice in Civil Cases 4.A.

SO ORDERED.

Dated:   February 8, 2023
         New York, New York

*Katherine Polk Failla*
_____
KATHERINE POLK FAILLA
United States District Judge